UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, | |
| v. | |
| | Case No. 21-00668 (TNM) |
| MICK CHAN, | |
| Defendant. | |

## DEFENDANT'S ANSWER TO THE UNITED STATES' MOTION IN LIMINE TO PRECLUDE IMPROPER DEFENSE ARGUMENTS AND EVIDENCE ABOUT LAW ENFORCEMENT

Defendant Mick Chan, through undersigned counsel, respectfully opposes the United States of America's motion in limine precluding Mr. Chan from arguing or introducing into evidence: (1) any entrapment by estoppel defense related to law enforcement; (2) any claim that law enforcement's failure to act sanctioned Mr. Chan's entry into the United States Capitol building or grounds; and (3) any inaction by law enforcement the defendant did not specifically observe. Counsel states the following in support of the Motion.

### Argument

### I.   The Defense Should Be Permitted to Present an Entrapment by Estoppel Defense.

"The entrapment by estoppel defense applies where 'the defendant establishes by a preponderance of the evidence that (1) a government official (2) told the defendant that certain criminal conduct was legal (3) the defendant actually relied on the

government official's statements, and (4) the defendant's reliance was in good faith and reasonable in light of the identity of the government official, the point of law represented, and the substance of the official's statement." *United States v. Khanu*, 664 F. Supp. 2d 35, 41 (D.D.C. 2009) (*quoting United States v. W. Indies Transport Inc.*, 127 F.3d 299, 313 (3d Cir. 1997)). To determine whether an entrapment by estoppel defense applies, the Court must resolve factual disputes (e.g., as to whether a government official communicated to the defendant that certain criminal conduct was legal) as well as weigh evidence (e.g., as to Mr. Chan's reliance and/or its reasonableness). However, "a motion in limine should not be used to resolve factual disputes or weigh evidence." *C&E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008); *see also Johnson v. Inland Steel Co.*, 140 F.R.D. 367, 371 (N.D. Ill. 1992) ("A motion in limine is designed to narrow evidentiary issues for trial, not resolve factual disputes or weigh evidence."). Rather, "the purpose of a motion in limine is to prohibit opposing counsel 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.'" *United States v. Hamdan*, 537 F.Supp.3d 870, 878-79 (E.D.La. 2021).

The Government points to language in *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) rejecting an entrapment by estoppel argument in a January 6 case. *Chrestman* was an opinion following a government motion to stay release and review a release order after a detention hearing. In considering the defendant's release or detention, *Chrestman* opined on the likely merits of an entrapment by estoppel

defense, in dicta. Specifically, the Court found that "[t]he . . . limitations on the entrapment by estoppel defense make highly unlikely that this defense will prevail . . . and therefore does little to overweigh the overwhelming evidence against defendant proffered by the government for the purposes of assessment under § 3142(g)(2)." *Id.* at 33. At no point does *Chrestman* suggest that it would be appropriate to preclude the defense in a criminal case from raising the entrapment by estoppel defense entirely. Nor does *Chrestman* suggest that the mere alluding to or mentioning of an entrapment by estoppel defense would be so prejudicial that the Court should preclude it from consideration at all.

Further, even the merits of *Chrestman's* logic suggesting that an estoppel defense in that instance was unlikely to prevail do not apply to Mr. Chan's factual circumstances. As the Government rightfully acknowledges, in his post-arrest interview with the FBI, Mr. Chan stated that law enforcement allowed people to go inside the Capitol and he therefore did not believe he was trespassing or breaking the law in doing so. Thus, unlike in *Chrestman* where the defendants "could not argue that they were at all uncertain as to whether their conduct ran afoul of the criminal law, given the obvious police barricades, police lines, and police orders restricting entry at the Capitol," but rather "aware that [the] intended conduct was illegal, acted under the belief President Trump had waived the entire corpus of criminal law," Mr. Chan is exactly arguing that the conduct of police made him believe he was not running afoul of the law in the first instance, not that he believed the police had waived the law as applied to him. *Id. at 32.* Mr. Chan did not in his interview state that he believed he was given permission *to* violate the law; he stated that he did not believe he *was*

violating the law. This defense is exactly as it was in other entrapment by estoppel cases "premised . . . on a defendant's confusion about the state of the law." *Id*.

## II. The Defense Should Be Permitted to Argue that Inaction by Law Enforcement Officers Was Relevant To His Conduct

The Government contends that an officer cannot shield an individual from liability for an illegal act by failing to enforce the law or ratify unlawful conduct by failing to prevent it. However, failing to enforce the law, ratifying unlawful conduct, or failing to prevent unlawful conduct, all may impact the *mens rea* of an actor in a particular situation concerning a particular alleged violation. For instance, Mr. Chan is alleged to have violated 18 U.S.C. § 1752(a)(1), for which the Government will need to prove that he entered a restricted area voluntarily, on purpose, and not by mistake or accident. An officer's inaction and failure to enforce the law could absolutely impact Mr. Chan's state of mind while entering a restricted area. Similarly, Mr. Chan is alleged to have violated 18 U.S.C. § 5104(e)(2)(G), for which the Government will need to prove that he acted with knowledge that his actions were prohibited by law. The Government's conduct or lack of conduct in response to Mr. Chan's actions could have an impact on his knowledge that his actions were prohibited by law.

## III. Evidence of Inaction by Law Enforcement Officers is Relevant to the Environment of the Capitol faced by Mr. Chan at the Time at Issue. The Defense Should Be Permitted to Present Any such Relevant Evidence.

Evidence is relevant under Federal Rule of Evidence 401 if it "has any tendency to make a fact more or less probable . . . and the fact is of consequence in determining

the action." Fed. R. Evid. 401. The Government rightfully acknowledges the relevance of Mr. Chan's state of mind on January 6, 2021. Government Opening Br. at 4. Evidence of inaction by law enforcement officers, even inaction Mr. Chan did not directly observe and was not aware of, likely impacted the environment in which Mr. Chan found himself, and therefore is relevant to his state of mind. Mr. Chan need not be affirmatively aware of specific inaction by law enforcement officers, nor directly observe inaction by the officers, to, for instance, observe other individuals entering the Capitol without consequence. Mr. Chan need not be affirmatively aware of specific inaction by law enforcement officers, nor directly observe inaction by the officers, to, for instance, not have heard instructions not to enter the Capitol. Mr. Chan need not be affirmatively aware of specific inaction by law enforcement officers, nor directly observe inaction by the officers, to, for instance, not encounter horns, or barricades, or other miscellaneous impediments on his path to the Capitol. All of these factors would have influenced the environment Mr. Chan found himself in on the date of January 6, 2021, and had an impact on his state of mind.

## <u>Conclusion</u>

For the reasons set forth above, and for such other reasons as this Court may determine, Mr. Chan respectfully requests that the Government's motion be denied.


Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

<u>s/Shishene Jing</u>

5

Shishene Jing, AFPD
Assistant Federal Public Defender
1002 Broad Street
Newark, NJ 07042
973-522-0070