UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**MICK CHAN**,<br><br>Defendant. | Case No. 1:21-cr-668-TNM |

## ORDER

Defendant Mick Chan is charged with four misdemeanor counts related to his alleged conduct in the U.S. Capitol on January 6, 2021. *See* Information, ECF No. 9. This Order addresses some, but not all, of the ripe motions filed before Chan's trial.

It is hereby **ORDERED** that the Government's [29] Motion in Limine Regarding Evidence About the Specific Location of U.S. Capitol Police Cameras is **GRANTED** as unopposed. It is also

**ORDERED** that Defendant's [27] Motion to Dismiss Counts One, Two, and Four of the Information is **DENIED**. First, Defendant seeks dismissal of Counts One and Two, which charge violations of 18 U.S.C. § 1752, on the grounds that the U.S. Capitol Police, not the U.S. Secret Service, barricaded the area around the Capitol on January 6. But this Court and many other judges in this district have rejected this argument. *See, e.g.*, *United States v. Griffin*, 549 F. Supp. 3d 49, 54–55 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 28 (D.D.C. 2021). Second, Defendant argues that § 1752 is not applicable because the former Vice President was not temporarily visiting the U.S. Capitol on January 6, 2021. Though other judges in this district have rejected this argument, *see, e.g.*, *United States v. Puma*, No. 21-cr-0454, 2022 WL 823079, at *16–17 (D.D.C. Mar. 19, 2022), the Court will deny without prejudice this

1

portion of the motion subject to further factual development at trial.  Third, Defendant argues that Count Four, which charges violations of 5104(e)(2)(G), should be dismissed because it is overbroad and unconstitutionally vague.  The Court finds that this argument lacks merit, as have several other judges in this district.  *See, e.g.*, *United States v. Nassif*, No. 21-cr-421, 2022 WL 4130841, at *2–7 (D.D.C. Sept. 12, 2022).  It is also

**ORDERED** that Defendant's [28] Motion for Discovery is **DENIED** as moot.  Defendant's request is unnecessary in light of existing statutory and constitutional rights.  "Federal Rule of Criminal Procedure 16 . . . and *Brady v. Maryland*, 373 U.S. 83, 1194 (1963), all impose duties on the Government to disclose certain materials and evidence to criminal defendants."  *United States v. Vega*, 826 F.3d 514, 533 (D.C. Cir. 2016).  The Government is already required to produce the information than Chan requests.  The Court will address any specific alleged *Brady* violations at the Pre-Trial Conference.

**SO ORDERED**.

Dated: December 21, 2022              TREVOR N. McFADDEN, U.S.D.J.